UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROBERT BLAIR,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DEVRY INC. and ROSS UNIVERSITY<br>SCHOOL OF MEDICINE; DOES I-XX,<br>inclusive,<br><br>　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)   Case No.: 1:12-cv-02637<br>)<br>)   Hon. Virginia Kendall<br>)<br>)<br>)<br>)<br>) |

**<u>DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS</u>**

Defendants, DeVry Inc. and its subsidiary, Ross University School of Medicine School of Veterinary Medicine Ltd. ("RUSM," incorrectly sued as "Ross University School of Medicine"), respectfully submit this memorandum in support of their motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

By his Complaint, Plaintiff asserts two federal causes of action: (1) a claim under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-1968 (Compl. ¶¶ 57-80) and (2) a claim under the Higher Education Act ("HEA"), 20 U.S.C. §§ 1092, 1094 (Compl. ¶¶ 81-86.) Plaintiff also seeks supplemental jurisdiction over state law claims (without specification of the state law at issue) sounding in (1) breach of contract (Compl. ¶¶ 87-91), (2) negligence/negligent hiring, training and supervision (*id.* ¶¶ 92-97); (3) intentional and negligent infliction of severe mental distress (*id.* ¶¶ 98-103); and (4) injunctive and declaratory relief (*id.* ¶¶ 104-110).

As set forth below, the federal RICO and HEA claims are subject to dismissal under settled precedent. In light of Plaintiff's failure to state a valid federal claim, the Defendants respectfully submit that the Court should decline to exercise supplemental jurisdiction over the pendent state law claims, which are also insufficient as a matter of law in any event.

I.  **Rule 12(b)(6) Standard of Dismissal**

Federal pleading standards "'require[] more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *Jennings v. Auto Meter Prods., Inc.*, 495 F.3d 466, 472, 476 (7th Cir. 2007) (affirming dismissal of RICO action and quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *accord Xinos v. Kappos*, 270 F. Supp. 2d 1027, 1029 (N.D. Ill. 2003) ("Plaintiff cannot satisfy his pleading requirements, however, by merely attaching bare legal conclusions to narrated facts which fail to outline the bases of their claims.").

As set forth below, Plaintiff's Complaint falls well short of the standards required to plead a valid RICO claim. Plaintiff's remaining federal claim ignores Seventh Circuit precedent holding that there is no private cause of action under HEA.

II.  **Plaintiff Fails to Plead a Valid RICO Claim.**

As this Court has noted, "RICO is a 'unique cause of action that is concerned with eradicating organized, long-term, habitual criminal activity.'" *Oberoi v. Mehta*, No. 10 C 7275, 2011 WL 1337107, at *1 (N.D. Ill. Apr. 6, 2011) (quoting *Gamboa v. Velez*, 457 F.3d 703, 705 (7th Cir. 2006)). Thus, the Seventh Circuit has long rejected attempts "'to turn garden-variety state law fraud claims into federal RICO actions' . . . [and] has also 'repeatedly rejected RICO claims that rely . . . heavily on mail and wire fraud allegations to establish a pattern.'" *Id.*, 2011 WL 1337107 at *2-*3 (quoting *Jennings*, 495 F.3d at 472, 475); *see also Gamboa*, 457 F.3d at 710 (7th Cir. 2006) (admonishing against allowing civil claims with "too broad a brush given

2

RICO's limited concern of punishing organized and habitual criminal conduct"). Plaintiff's efforts to cast his grievances regarding the handling of his student loans and his failing out of medical school as a federal RICO violation is yet another example of this all-too-frequent misuse of federal RICO law. (Compl. ¶¶ 11-28.)

To state a valid RICO claim, a plaintiff must¸ *inter alia*, set forth with requisite specificity sufficient *factual* allegations demonstrating the "'(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity.'" *Jennings*, 495 F.3d at 472 (quoting *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985)).

"It is not enough . . . for a plaintiff simply to allege the [RICO] elements in boilerplate fashion; instead, [the plaintiff] must allege sufficient facts to support each element." *Goren v. New Vision Int'l, Inc.*, 156 F.3d 721, 727 (7th Cir. 1998). Here, Plaintiff's Complaint is replete with impermissible boilerplate allegations regarding core RICO elements and fails to set forth with particularity factual averments necessary to establish the bases of a valid RICO claim.

### A. Enterprise

Plaintiff alleges an "association-in-fact" RICO enterprise in vague, boilerplate fashion:

> Defendants, other entities and colleges owned and operated by Defendants, representatives and/or agents of Defendants that have earned commissions for enrolling students who applied for federal student aid, and any others that have facilitated the enrollment and receipt of federal student aid for students constitute one or more groups of persons and entities associated in fact . . . .

(Compl. ¶ 36); *see also* (*id.* ¶ 62).

This conclusory enterprise allegation is legally deficient on three grounds. *First*, "[a] firm and its employees, or a parent and its subsidiaries, are not an enterprise separate from the firm itself." *Bachman v. Bear, Stearns & Co.*, 178 F.3d 930, 932 (7th Cir. 1999); *Bucklew v. Hawkins, Ash, Baptie & Co., LLP*, 329 F.3d 923, 934 (7th Cir. 2003) ("A parent and its wholly owned subsidiaries no more have sufficient distinctness to trigger RICO liability than to trigger

3

liability for conspiring in violation of the Sherman Act . . . ."); *Wooley v. Jackson Hewitt, Inc.*, 540 F. Supp. 2d 964, 974 (N.D. Ill. 2008) ("Jackson Hewitt and the members of its 'corporate family' cannot constitute a RICO enterprise in the scenario alleged by Plaintiff.").

*Second*, the ill-defined "string of entities" and generic reference to "others" does not properly identify the alleged enterprise. *See, e.g., Richmond v. Nationwide Cassel L.P.*, 52 F.3d 640, 645 (7th Cir. 1995) ("[A] nebulous, open-ended description of the enterprise does not sufficiently identify this essential element of the RICO offense.").

*Third*, Plaintiff fails to allege, as he must, requisite factual pleadings of "structure" and "participation" with respect to this amorphous RICO enterprise. *See, e.g., Limestone Dev. Corp. v. Vill. Of Lemont, Ill.*, 520 F.3d 797, 805 (7th Cir. 2008) ("Without a requirement of structure, 'enterprise' collapses to 'conspiracy.'"); *Richmond*, 52 F.3d at 645 ("An enterprise must be more than a group of people who get together to commit a pattern of racketeering activity . . . ."); *Oberoi*, 2011 WL 1337107, at *4 (citing *Reeves v. Ernst & Young*, 507 U.S. 170, 185 (1993)).

### B. "Pattern of Racketeering Activity"

Plaintiff also fails to plead a valid pattern of racketeering activity. "A pattern of racketeering activity consists of at least two predicate acts of racketeering committed within a ten-year period." *Midwest Grinding Co. v. Spitz*, 976 F.2d 1016, 1019 (7th Cir. 1992). As the Seventh Circuit has noted, "[i]n order to curb 'widespread attempts to turn routine commercial disputes into civil RICO actions,' courts carefully scrutinize the pattern requirement . . . ." *Jennings*, 495 F.3d at 472 (quoting *Midwest Grinding*, 976 F.2d at 1022). Here, Plaintiff does not allege with requisite specificity a *single* valid predicate act, let alone the averments necessary to allege a valid *pattern* of racketeering activity. Plaintiff's pattern of racketeering allegations are fatally deficient on a number of grounds.

4

*First,* Plaintiff attempts to base his RICO claim on unspecified predicate acts of "mail fraud" and "wire fraud." (Compl.. ¶ 68.) However, given the frequent misuse of RICO by civil litigants, the particularity requirements of Federal Rule of Civil Procedure 9(b) are strictly enforced with respect to RICO predicate acts of mail or wire fraud:

> [A] plaintiff alleging predicate acts of mail fraud and wire fraud must do so with particularity. *See* Fed.R.Civ.P. 9(b). In order to satisfy this standard, a RICO plaintiff must allege "the identity of the person who made the misrepresentation, the time, place and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff." Moreover, because a RICO plaintiff must allege *two* predicate acts of fraud, she must satisfy the requirements of Rule 9(b) twice.

*Goren*, 156 F.3d at 729 (internal citations omitted); *see also Vicom, Inc. v. Harbridge Merch. Servs., Inc.*, 20 F.3d 771, 777 (7th Cir. 1994) (emphasizing the importance of Rule 9(b) in RICO allegations and noting "[t]he rule is said to serve three main purposes: (1) protecting a defendant's reputation from harm; (2) minimizing 'strike suits' and 'fishing expeditions'; and (3) providing notice of the claim to the adverse party.")

Nowhere in the Complaint does Plaintiff provide requisite factual particularity regarding any specific act of mail or wire fraud, let alone establish the necessary pleadings to allege properly a "pattern of racketeering activity." The Complaint is devoid of basic, essential facts identifying a specific act of mail or wire fraud, such as facts identifying the specific misrepresentation, the date upon which that misrepresentation was made, by whom and to whom it was made, the place and content of the misrepresentation, and "the method by which the misrepresentation was communicated to the plaintiff." *Goren*, 156 F.3d at 729.

Instead, the Complaint merely alludes to Plaintiff's series of grievances and frustrations regarding his student loans and failing out of medical school. (Compl. ¶¶ 11-28.) Such

generalized allegations of alleged wrongs are a far cry from pleading a federal RICO claim with requisite particularity. As this Court has noted in dismissing similarly deficient RICO pleadings:

> [T]aking his . . . Complaint in the most favorable light, [Plaintiff] alleges that Defendants engaged in a scheme to victimize him, but he does not put forth evidence of a pattern of activity. Moreover, [Plaintiff] fails to plead his RICO fraud claims with particularity. Fed. R. Civ. P. 9(b); *Slaney v. Int'l Amateur Athletic Fed'n*, 244 F.3d 580, 597 (7th Cir. 2001). [Plaintiffs Complaint] is nearly devoid of any relevant details or facts and falls far short of pleading a RICO claim for fraud with the requisite particularity.

*Malkoc v. Dorner*, No. 10 C 3401, 2011 WL 196927, at *2 (N.D. Ill. Jan. 20, 2011); *see also Jennings*, 495 F.3d at 475-76 (affirming dismissal of RICO complaint and noting that "a myriad" of alleged injuries by plaintiff were "simply a different way to characterize the damage [plaintiff] has suffered from his inability . . . to get his utility patent."); *accord Vicom*, 20 F.3d at 778 ("The amended complaint states neither who made the misrepresentation nor on what date it was made."); *Meier v. Musburger*, 588 F. Supp. 2d 883, 904-907 (N.D. Ill. 2008) (noting that "mailings and wirings have always been favored predicate acts in cases like this where ordinary disputes are sought to be transformed into RICO claims" and dismissing for failure to plead mail and wire fraud acts properly).

*Second,* Plaintiff also ignores the long-standing admonition of the Seventh Circuit that "a plaintiff's conclusory allegations that 'defendants' also defrauded unidentified 'others' are not enough to plead the requisite pattern of fraud." *Goren*, 156 F.3d at 729; *see also Jennings*, 495 F.3d at 475 (noting that "notwithstanding [the plaintiff's] efforts to allege a vast array of victims and injuries, he is the only identifiable victim" and holding that "unspecified assertions" regarding other similarly situated "victims" are "inadequate"). In direct conflict with this settled

principle, Plaintiff invokes "conclusory allegations" regarding unidentified misrepresentations to unidentified other "prospective students." *E.g.,* (Compl. ¶ 40).[1]

*Third*, the Complaint fails to plead facts establishing that "predicate acts" satisfy the "continuity plus relationship test" required to constitute a "pattern" under governing law. *See Jennings*, 495 F.3d at 473. The Complaint addresses the matter only in formulaic, boilerplate fashion:

> The multiple acts of racketeering activity which defendants committed and/or conspired to, or aided and abetted in the commission of, were related to each other, pose a threat of continued racketeering activity, and therefore constitute a "pattern of racketeering activity."

(Compl. ¶ 67.) Such conclusory assertions are not acceptable under settled Seventh Circuit law. *See Jennings*, 495 F.3d at 473; *accord Meier*, 588 F. Supp. 2d at 901-02.

### C.     RICO Prohibited Activity

The RICO statute enumerates four prohibited activities under 18 U.S.C. § 1962. Plaintiff, without distinction or factual averment, generically invokes all four provisions. *See* (Cmpl. ¶ 58 (§ 1962(a)); ¶ 59 (§ 1962(b)); ¶ 60 (§ 1962(c)); and ¶ 73 (§ 1962(d))). Such generic, indiscriminate invocations of Section 1962 are improper.

The "boilerplate" assertion of a Section 1962(a) violation, without factual specificity regarding the alleged "investment use" or "investment injury," is deficient as a matter of law.

---

[1] Curiously, as part of his improper, generalized RICO allegations, Plaintiff relies upon allegations in a securities complaint filed in the case of *Boca Raton Firefighters' & Police Pension Fund v. DeVry Inc.*, No. 1:10 C 7031, 2012 WL 1030474 (N.D. Ill. Mar. 27, 2012). (Compl. ¶ 29 & n.1.) Aside from the impropriety of this reliance on allegations from another complaint, Plaintiff fails to note that Judge Grady dismissed that complaint for failure to state a claim on March 27, 2012. *See Boca Raton*, 2012 WL 1030474. A subsequent amended complaint attempting to address the dismissal is now pending. *Id.*, 1:10-cv-07031, May 4, 2012, ECF No. 72. A briefing schedule on dismissal of the amended complaint has been set. *Id.* at ECF No. 76.

*Rao v. BP Prods. N. Am., Inc.*, 589 F.3d 389, 398-99 (7th Cir. 2009); *Xinos*, 270 F. Supp. 2d. at 1031-1032.

Similarly, Plaintiff's Section 1962(b) claim fails because Plaintiff does not properly allege, with requisite factual averments, "(1) that Defendants acquired or maintained an interest in an enterprise through a pattern of racketeering activity . . . and (2) that Plaintiff suffered an injury through Defendants' acquisition or maintenance of the enterprise that is separate from the injuries that resulted from the predicate acts." *Xinos*, 270 F. Supp. 2d at 1033 (citations omitted).

As set forth above, Plaintiff's Section 1962(c) claim fails on multiple bases, including the failure to plead a proper RICO "enterprise" and the failure to plead a valid pattern of racketeering activity. *See supra* II.A. and II.B.

Having failed to adequately allege a substantive violation of RICO, Plaintiff's RICO conspiracy allegation under Section 1962(d) necessarily fails. *See, e.g.*, *Stachon v. United Consumers Club, Inc.*, 229 F.3d 673, 677 (7th Cir. 2000) ("Since Appellants fail to establish a violation of section 1962(c), their section 1962(d) claim based on the same facts must fail as well."); *Xinos*, 270 F. Supp. 2d at 1034 (holding that where a plaintiff fails to plead adequately a substantive RICO violation, the plaintiff "cannot maintain a cause of action under Section 1962(d).").

## II.     Plaintiff Fails to State a Cognizable Claim Under The Higher Education Act.

In his second cause of action, Plaintiff generically asserts a claim for "violations of 20 U.S.C. § 1092, et al." According to Plaintiff, he is "entitled to statutory damages for each misrepresentation or deceptive omission of material fact set forth herein above pursuant to 20 U.S.C. § 1094." (Compl. ¶ 84.)

The Seventh Circuit squarely has held that the Higher Education Act does not provide a private cause of action. *See Slovinec v. DePaul Univ.*, 332 F.3d 1068, 1069 (7th Cir. 2003).[2] Accordingly, Plaintiff's claim is subject to dismissal as a matter of law. *Id.*

### III.   Supplemental Jurisdiction Over The State Law Claims Should Be Denied.

In Counts Three through Six, Plaintiff generically alleges state common law claims sounding in "breach of contract," "negligence/negligent hiring, training, & supervision," "intentional and negligent infliction of severe mental distress," and "injunctive and declaratory relief." Plaintiff does not identify the state law, if any, under which these claims are advanced. In this regard, it is worthy of note that RUSM is based in the "Commonwealth of Dominica, West Indies," (Compl. ¶ 3) and at least some of the acts of which Plaintiff appears to complain may have occurred in the West Indies (*e.g.*, Compl. ¶¶ 13-17).

None of Plaintiff's allegations provide a sufficient basis to determine the specific law at issue in Counts Three through Six, nor the particular conduct alleged to violate such underlying law.

Regardless, supplemental jurisdiction of these claims should be denied in light of Plaintiff's failure to state a valid federal claim. Plaintiff invokes the jurisdiction of this Court pursuant to federal question jurisdiction (Compl. ¶ 6), and has requested "[s]upplemental jurisdiction over Plaintiff's pendent state law claims . . . pursuant to 28 U.S.C. § 1367" (Compl. ¶ 7). As this Court has recognized, "[t]he Seventh Circuit consistently has stated that 'it is the well-established law of this circuit that the usual practice is to dismiss without prejudice state supplemental claims whenever all federal claims have been dismissed prior to trial.'" *Oberoi*,

---

[2]   Of course, even were the Higher Education Act to provide a private right of action, Plaintiff has not alleged any "misrepresentation or deceptive omission of material fact" in accordance with the pleading requirements of Federal Rule of Civil Procedure 9(b).

9

2011 WL 1337107, at *4 (quoting *Groce v. Eli Lilly*, 193 F.3d 496, 501 (7th Cir. 1999)); *accord Xinos*, 270 F. Supp. 2d at 1034. There is no reason to depart from the "usual practice" in this case. "The state courts and the [D.O.E.] itself have ample tools to correct any individual instances of fraud or other misconduct." *Jennings*, 495 F.3d at 473.

### Conclusion

Plaintiff's concerns and frustrations regarding his dismissal from medical school do not give rise to a federal claim under RICO or the Higher Education Act. Accordingly, Plaintiff's federal claims should be dismissed as a matter of law, and supplemental jurisdiction should be denied over the pendent state law claims.

Dated: Chicago, Illinois
       June 1, 2012

Respectfully submitted,

/s/ R. Ryan Stoll
R. Ryan Stoll
SKADDEN, ARPS, SLATE,
 MEAGHER & FLOM LLP
155 North Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: (312) 407-0700
Facsimile: (312) 407-8533
Ryan.Stoll@skadden.com

Attorney for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above Defendants' Memorandum in Support of Their Motion to Dismiss was served upon the following counsel on June 1, 2012, via the Court's CM/ECF system:

Jason Jeffrey Bach
jbach@bachlawfirm.com


Dated: June 1, 2012

                                          /s/ R. Ryan Stoll
                                          R. Ryan Stoll

                                          Attorney for Defendants